IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3246-FL

CHRISTOPHER MOSBY,                    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )               ORDER
                                      )
OFFICER SYKES,                        )
                                      )
                Defendants.           )
                                      )

The matter is before the court on plaintiff's unopposed motions to amend (DE 29, 32),

motions for discovery (DE 34, 35, 36), motion to amend request for admissions (DE 37), motion in

limine (DE 38), and motion "to reveal name and informant" (DE 39). In this posture, the issues

raised are ripe for adjudication.

A.      Motions to Amend

        Plaintiff filed two motions to amend his complaint. Pursuant to Federal Rule of Civil

Procedure 15, a plaintiff may amend a pleading before trial once as a matter of course within twenty-

one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21

days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),

(e), or (f), whichever is earlier." Plaintiff filed his first motion to amend before defendants filed a

responsive pleading, and plaintiff's complaint is the type of pleading that requires a responsive

pleading. Thus, plaintiff's first motion to amend is ALLOWED as a matter of course. Scinto v.

Stansberry, No. 12-7248, 2013 WL 285730, at *1 (4th Cir. Jan. 25, 2013).

Plaintiff's amended pleadings are unclear and he must particularize his action. Specifically, plaintiff must name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendant with the alleged conduct which resulted in the alleged constitutional violation. Additionally, the court notifies plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims. The court further warns plaintiff that his response must be limited to the subject matter of his action, and is not an invitation to make additional, unrelated allegations. Because the court has provided plaintiff the opportunity to particularize his pleadings, plaintiff's remaining motion to amend is DENIED as moot.

B.      Discovery Motions

Plaintiff filed three motions to compel discovery. These motions, however, fail to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which require that the movant certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions. Further, the court, in a subsequent order, will issue a case management order addressing the appropriate time period for discovery. Thus, plaintiff's motions to compel are DENIED as premature.

As for plaintiff's motion to amend his request for admissions and his motion "to reveal name and informant[,]" these motions seek discovery materials from defendants and must be directed to defendants and not the court. Thus, these motions are DENIED.

2

C.        Motion in Limine and Motion to Reveal Name

Plaintiff, in his motion, requests that the "court order the state to disclose the prior criminal history and records of all state's witnesses and records of state's witnesses known as C.S.-1." (DE 38), p. 1.  Plaintiff, however, has misconstrued the purpose of a motion in limine, which is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  Here, plaintiff is not seeking a ruling on the admissibility of evidence.  Rather, plaintiff's motion seeks a court order directing defendants to respond to his discovery requests.  As stated, plaintiff must make his discovery requests directly to defendants.  Based upon the foregoing, plaintiff's motion in limine is DENIED.

## CONCLUSION

In summary, plaintiff's first motion to amend (DE 29) is GRANTED, but his second motion to amend (DE 32) is DENIED as moot.  Plaintiff's motions for discovery (DE 34, 35, 36) are DENIED as premature, and his motion to amend request for admissions (DE 37), motion in limine (DE 38), and motion "to reveal name and informant" (DE 39) are DENIED.  Plaintiff is DIRECTED to particularize his action as DIRECTED above within fourteen (14) days of this court's order. Failure to respond to this court's order will result in dismissal of this action without prejudice.

SO ORDERED, this the 10th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

3