IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3246-FL

| | | |
|---|---|---|
| CHRISTOPHER MOSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER SYKES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on plaintiff's motion for relief from the court's September 24, 2014, judgment pursuant to Federal Rule of Civil Procedure 60(b) (DE 75) and plaintiff's "motion to amend to motion for reconsideration" (DE 76). The issues raised were fully briefed and are ripe for adjudication.

**BACKGROUND**

On December 21, 2012, plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Brunswick County Deputy Sheriff Eric Sykes ("defendant") used excessive force in the course of arresting plaintiff. The court allowed plaintiff to proceed with this claim. Plaintiff subsequently filed two motions to amend his complaint.

On October 10, 2013, the court entered an order granting plaintiff's first motion to amend as a matter of right. The court also determined that plaintiff's amended pleadings were unclear and directed him to particularize his action. Because the court directed plaintiff to particularize his complaint, it denied as moot plaintiff's remaining motion to amend. Plaintiff filed his amended pleading on October 25, 2013. Plaintiff also filed a motion for summary judgment.

On December 16, 2013, defendant filed a motion for summary judgment, arguing that plaintiff could not establish a constitutional violation. In the alternative, defendant asserted the affirmative defense of qualified immunity. The motion was fully briefed.

On September 24, 2014, the court entered an order granting defendant's motion for summary judgment, as to plaintiff's excessive force claim, and denying plaintiff's motion for summary judgment. The court also dismissed without prejudice new claims plaintiff attempted to raise in his January 30, 2014, pleading captioned "Amend to Declaration in Opposition to Defendant's Motion for Summary Judgment." Finally, the court, in its September 24, 2014, order conducted a frivolity review of the new claims plaintiff raised in his October 25, 2013, pleading, and dismissed those claims for failure to state a claim upon which relief may be granted.

**DISCUSSION**

Both of plaintiff's pending motions seek relief from the court's judgment pursuant to Rule 60(b).[1] Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)."

---

[1] The court rejects defendants' argument that plaintiff's notice of appeal divests this court of jurisdiction over plaintiff's Rule 60(b) motion. See Fobian v. Storage Technology Corp., 164 F.3d 887, 890 (4th Cir. 1999) (finding that a notice of appeal does not divest a district court of jurisdiction over a rule 60(b) motion).

2

Nat'l Credit Union Admin. Bd., 1 F.3d at 266.  Rule 60(b)'s six enumerated grounds for relief include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or discharge of a judgment; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious claim or defense.  In an effort to establish a meritorious claim or defense, plaintiff argues that the court failed to address his claim that Officer Sykes conducted an illegal search and seizure in violation of the Fourth Amendment to the United States Constitution.  Plaintiff did not raise this claim in his original complaint.  Nor did plaintiff subsequently amend his complaint to include his Fourth Amendment claim.  Plaintiff may not now raise a new claim as a basis for a Rule 60(b) motion.  See Calvary Christian Ctr. v. City of Fredericksburg, Va., 710 F.3d 536, 539 (4th Cir. 2013); United States v. Winfield, No. 2:95CR193, 2:–CV386, 2000 WL 34342565, at *7 (E.D. Va. Mar. 17, 2000) ("Winfield's Rule 59(e) motion is an improper attempt to . . . raise new claims.")[2]

Even if plaintiff could raise a new claim in his Rule 60(b) motion, or if the allegations in plaintiff's complaint could be construed to raise a Fourth Amendment claim, he still would not be entitled to relief because his claim would be barred pursuant to the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show

---

[2] The court notes that to the extent plaintiff attempts to file a post-judgment motion to amend, such motion is DENIED as FUTILE for the reasons set forth in this court's order.  See Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013) (citing Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006)); Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 470-471 (4th Cir. 2011) .

3

that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87; see also, Whitmore v. Ard, No. 6:12-cv-01049, 2012 WL 5238919, at *2 (D.S.C. Oct. 23, 2012) (dismissing plaintiff's challenge to alleged warrantless search as Heck barred), aff'd, 512 F. App'x 375 (4th Cir. 2013).

In this case, plaintiff's parole was revoked due to the charges he incurred as a result of the arrest at issue in this case. (Sykes Aff. ¶ 9 and Attach. pp. 10,19.) The Heck doctrine applies to parole revocations. See Husketh v. Sills, 34 F. App'x 104, 105 (4th Cir. 2002) (per curiam) ("Husketh's claim is barred because his challenge of his parole eligibility implies the invalidity of his continued confinement, and Husketh makes no showing that his conviction or sentence has been invalidated or called into question by the issuance of a federal writ of habeas corpus."); Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (holding that where success in a § 1983 action would imply the invalidity of a decision to revoke parole that has not been otherwise rendered invalid, the action is Heck barred); see also, Neal v. Hartley, No. 3:14-cv-318-FDW, 2014 WL 3547366, at *2 (W.D.N.C. July 17, 2014) ("Here, Plaintiff has not alleged in his Complaint that his underlying adjudication regarding his parole revocation has been reversed or otherwise invalidated. Therefore, his claims are barred by Heck.") Plaintiff's parole revocation has not been reversed, expunged, declared invalid, or called into question. Therefore, plaintiff has no Fourth Amendment claim under § 1983 at this time. Based upon the foregoing, plaintiff is not entitled to relief pursuant to Rule 60(b) on this ground.

As for the remainder of plaintiff's motion for reconsideration, the court finds that there are no errors affecting plaintiff's substantial rights. Moreover, plaintiff's attempt to re-litigate the issues

already decided by the court is not appropriate. See CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995) (per curiam); Saunders v. City of Petersburg Police Dept., 158 Fed. Appx. 491, 491 (4th Cir. 2005) (per curiam) (stating "Rule 60(b) may not be used to re-litigate claims already decided by the court"). Thus, plaintiff has not met the threshold requirements to proceed with a Rule 60(b) motion and the remainder of his Rule 60(b) motion is DENIED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for relief from the court's September 24, 2014, judgment pursuant to Federal Rule of Civil Procedure 60(b) (DE 75) and plaintiff's "motion to amend to motion for reconsideration" (DE 76) are DENIED.

SO ORDERED, this the 3rd day of December, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge